# EXHIBIT B



August 11, 2025

Alan Rajabi
CEO
Full Service Hospitality, LLC
Tower Capital Group, LP

Re:
|  |  |
|---|---|
| Policyholder: | Full Service Hospitality, LLC |
|  | Tower Capital Group, LP |
| Location Name: | Wyndham Hotel |
| Location Address: | 700 East Adams Street Springfield IL |
| Policy No.: | 1134905 |
| Date of Loss: | 27-Mar-2025 |
| Adjustment File No.: | 847208 |

Dear Mr. Rajabi,

    We are writing regarding the loss of Full Service Hospitality, LLC and Tower Capital Group, LP[1] (collectively "Full Service") relating to the 27 March 2025 loss at the Wyndham in Springfield, Illinois (the "Hotel"). As you are aware, Affiliated FM Insurance Company ("FM AFFILIATED") has been investigating the loss under a reservation of rights.

    FM AFFILIATED has completed its investigation.  FM AFFILIATED has determined that there is no coverage under the Policy.

**FM AFFILIATED's Investigation**

    FM AFFILIATED's investigation has been extensive.

    FM AFFILIATED and its consultants conducted numerous inspections of the Hotel and the damage from the 27 March 2025 event. FM AFFILIATED and its consultants were also present during the time remediation work was being done and then after it was completed.

    FM AFFILATED and its consultants have spoken with Al Rajabi and Scott Larsen, in person, by phone, and via video conference, on many occasions.

    FM AFFILATED requested documents and information from Mr. Rajabi, Mr. Larsen, and counsel for the Policyholders.  These requests and questions have been in writing, as well as verbally during video conferences.  Counsel for the Policyholders has provided certain documents and information in response to those requests and questions.

---

[1] We believe that Tower Capital Group, LP is the actual owner of the property.

**FM Insurance Company**
**300 S. Northwest Highway**
**Park Ridge, IL 60068, USA**

Office: +1(847) 430-7405

FM AFFILIATED conducted the examinations under oath of Gosia Wray, Evan Reimer and Zane Kienzler. In addition to their sworn testimony, they provided photos, text messages, and/or screen shots.

FM AFFILIATED retained Michele Sutphin, of Legacy 1811 Investigations and Consulting, to assist in its investigation. Ms. Sutphin conducted an extensive investigation on behalf of FM AFFILIATED. Ms. Sutphin's investigation included, but was not limited to, interviewing numerous people, including former employees of the Hotel. Ms. Sutphin's investigation also included, but was not limited to, the review and analysis of documents and information. Ms. Sutphin's 4 August 2025 summary report, which details her investigation and findings, is attached.

FM AFFLIATED has also reviewed the Policy.

**FM AFFILIATED's Findings**

FM AFFILIATED has determined that the vandalism and resulting loss and damage that occurred in the early morning of 27 March 2025 at the Hotel was intentionally caused by Mr. Rajabi, Mr. Rajabi colluded with others to cause the damage, and/or the damage was caused by other individuals with the knowledge of Mr. Rajabi. Accordingly, there is no coverage.

FM AFFLIATED's conclusion is based on the entirety of its investigation, including, but not limited to, the findings of Ms. Sutphin as summarized in her 4 August 2025 report, the interview memoranda prepared by Ms. Sutphin and provided to FM AFFILIATED, the testimony under oath of Ms. Wray, Mr. Reimer, and Ms. Kienzler, as well as other documents and information provided to FM AFFILIATED.

**Policy Provisions**

The Policy contains certain Exclusions:

**C.    EXCLUSIONS**

\*\*\*

**GROUP I**: This Policy excludes loss or damage directly or indirectly caused by or resulting from any of the following regardless of any other cause or event, whether or not insured under this Policy, contributing concurrently or in any other sequence to the loss or damage:

\*\*\*

3. Any dishonest act, including but not limited to theft, committed alone or in collusion with others, at any time by:

    a) An Insured or any proprietor, partner, director, trustee, officer or employee of an Insured; or

    b) Any proprietor, partner, director, trustee, or officer of any business or entity (other than a common carrier) engaged by an Insured to do anything in connection with property insured under this Policy.

    This Policy does insure acts of direct insured physical damage intentionally caused by an employee of an Insured or any individual specified in b above, and done without the knowledge of the Insured. This coverage does not apply to any act excluded in Group I Item 2g of this Exclusions clause. In no event does this Policy cover loss by theft by any individual specified in a or b above.

(Policy, PRO AR 4100 (01/23) Pages II-III of XLII.)

**FM Insurance Company**
**300 S. Northwest Highway**
**Park Ridge, IL 60068, USA**

**Office:** +1(847) 430-7405



The Policy contains the following General Condition:

**MISREPRESENTATION AND FRAUD**

1. This entire Policy will be void if an Insured has:

    a) Willfully concealed or misrepresented any material fact or circumstance concerning this insurance, the subject thereof, or the interest of an Insured;

    b) Such fact or circumstance is stated in the policy, endorsement or rider attached thereto, or in the written application therefore; and

    c) The concealment or misrepresentation is made with the intent to deceive, or materially affected either the acceptance of the risk or the hazard assumed by the Company.

2. This Company will not pay for any loss or damage if an Insured has:

    a) Willfully concealed or misrepresented any material fact or circumstance concerning the loss or damage, or the interest of an Insured; and

    b) The concealment or misrepresentation is made with the intent to deceive or materially affected the claim.

(Policy, AMF 1726 (01/23), Page IV of IV.)

**Application**

As explained above, the vandalism and resulting loss and damage that occurred in the early morning of 27 March 2025, at the Hotel was intentionally caused by Mr. Rajabi, Mr. Rajabi colluded with others to cause the damage, and/or the damage was caused by other individuals with the knowledge of Mr. Rajabi. Accordingly, there is no coverage.

In addition, there were willful misrepresentations and concealments of material facts. Mr. Rajabi represented to FM AFFILIATED that two individuals who are former employees were likely involved in causing the loss and were being investigated by the local police. Mr. Rajabi also represented to FM AFFILIATED that the loss was likely caused by disgruntled employees without his knowledge. Further, Mr. Rajabi concealed his involvement causing the damage, as well as his conduct and actions leading up to the loss. Finally, through his misrepresentations and concealments related to this loss, Mr. Rajabi intended to deceive FM AFFILIATED or materially affect the claim. Accordingly, there is no coverage.

Please note that no consultant retained by or on behalf of FM AFFILIATED has any authority either to bind FM AFFILIATED with respect to coverage, or to interpret, waive or alter any of the terms, conditions, or limitations of the Policy. All coverage determinations are reserved exclusively to FM AFFILIATED.

Based on the above, we find no liability under the terms and conditions of FM AFFILIATED Policy No. 1134905 for this loss. In view of the absence of liability, we make no comment relative to the amount of physical loss or damage, but include those issues within the rights reserved. The foregoing enumeration of specific policy

provisions is not intended to waive any other defenses which are now, or which may hereafter become available to FM AFFILIATED, including but not limited to those policy provisions referenced in my letter dated 24 April 2025. The foregoing does not constitute a waiver of any term or condition of the policy or of any rights and defenses under the policy and FM AFFILIATED hereby expressly reserves all of its rights and defenses thereunder.

If you believe there is any additional information that may affect our position or if our understanding of the facts is in error, kindly bring it to our attention and we will review and consider it. However, you should not construe FM AFFILIATED's willingness to consider any additional information you may wish to provide as anything other than our desire to be fair and open-minded. This declination is and remains our final position unless we expressly advise you to the contrary.

Rule 919 of the Rules and Regulations of the Illinois Department of Insurance requires that FM AFFILIATED to advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 100 West Randolph Street, Suite 15-100, Chicago, Illinois 60601, and in Springfield, Illinois at 320 West Washington Street, Springfield, Illinois 62767.

Sincerely,

**Kenneth K. Jones, Sr.**
Senior General Adjuster, Assistant Vice President | FM
Chicago Operations (Claims)


Cc:    Sonal Patel, Tower Group (sonal@fullservicehospitality.com)
Cc:    Scott Larsen, Tower Group (scott@fullservicehospitality.com)
Cc:    Carrie Raver, Barnes & Thornburg (carrie.raver@btlaw.com)
Cc:    Clark Schirle, Butler Weihmuller Katz Craig (cschirle@butler.legal)
Cc:    Noelle Kaushik Snow, Alliant Insurance Services, Inc. (Noelle.Kaushik@alliant.com)
Cc:    Michael Smith, FM (michael.smith@fm.com)